The next case on the call, cases number 122951 and 952, Pieper v. Greco, agenda number three. Mr. Fisher, if you're ready, you may proceed. Good morning, Your Honors. Counselor. May it please the Court, Assistant Attorney General Garson Fisher for the people. Your Honors, the question ultimately before this Court in this case is whether the unlawful use of a weapon statute as applied to stun guns and tasers violates the Second Amendment. But the first question this Court must answer is one of statutory interpretation. Does the unlawful use of a weapon statute ban the carriage of stun guns and tasers or merely regulate the manner in which they can be carried? And the plain language of that statute unambiguously does not ban the carriage of stun guns and tasers. It allows for the legal carriage of those weapons, so long as the carrier has a valid concealed carry license and carries the weapon in accordance with the Concealed Carry Act. General Assembly knew how to ban the carriage of specific types of weapons. Elsewhere in the unlawful use of a weapon statute, it banned the carriage of weapons such as sawed-off shotguns, machine guns, Molotov cocktails, switchblade knives,  to ban the carriage of stun guns and tasers. It didn't. It included them with handguns in a section of the statute that allows for the legal carriage of those weapons. There is a second matter of statutory interpretation, of course, because the Concealed Carry Act defines concealed weapons to exclude stun guns and tasers. So this Court is tasked with harmonizing those two statutes, if reasonably possible, and doing so in a manner that, again, if reasonable, preserves the constitutionality of the unlawful use of a weapons statute. And there are two ways that this Court can give effect to the language of both statutes, reasonably harmonize the two and preserve the constitutionality of the unlawful use of a weapons statute. The first is that this Court could look to the Concealed Carry Act, recognize that it does not include stun guns and tasers in its definition of a concealed weapon, and say that, well, therefore, under, for example, Section 65, Section 70, which ban the carriage of concealed weapons under the CCA handguns in certain sense of locations or while intoxicated, for example, one couldn't be prosecuted under those sections of the Concealed Carry Act. But the plain language of the unlawful use of a weapons statute says that you are criminally liable under that statute if you violate those provisions with a stun gun or taser. The second is to look at the unlawful use of a weapons statute, say it requires that these weapons be carried in accordance with the Concealed Carry Act. The Concealed Carry Act explicitly does not apply any restrictions on stun guns and tasers, and so the only requirement to carry a stun gun or taser legally under UUW is to have a valid concealed carry license. Either one of these gives effect to the language of both statutes. So we would be saying that the UUW specifically references stun guns and tasers, and that statute should be read to say that if you want to carry those items, you have to first get a valid license under the Firearm Concealed Carry Act, even though that act specifically excludes tasers and stun guns from its application. I mean, it's pretty counterintuitive, isn't it? I don't think it is, Your Honor, for a couple of reasons. First off, is Section A-4 of the Unlawful Use of a Weapon Statute that defendant has been charged with violating. That gives rise to his criminal charges in this case. And that subsection of UUW explicitly says it doesn't apply to weapons that are carried in accordance with the CCA by someone who has a valid concealed carry license. So under the plain language of that statute, someone couldn't be convicted of violating UUW for carrying a stun gun or taser if someone had a valid concealed carry license and was carrying it in accordance with the CCA in whichever manner this Court interprets the language of that statute to apply to stun guns and tasers through UUW. But Mr. Fisher, I mean, doesn't the concealed carry say that it's a firearm? And there's a definition of firearm. And the fact that a stun gun or taser does not expel a projectile, therefore it's not a firearm. It's even actually more explicit within the CCA, to be honest, Your Honor. The CCA defines concealed firearms and explicitly says concealed firearms are a handgun and handguns does not include stun guns or tasers. There's no question that the CCA, as written, contemplated a license to ensure the state's interest in protecting people from the unsafe carriage of handguns for self-defense. But the plain language of the Unlawful Use of Weapons Statute says that you can't be charged under subsection A-4 for carrying a stun gun or taser if you have a valid concealed carry license and you're carrying it in accordance with the Concealed Carry Act. And so the question is, is there a reasonable way that that can be harmonized? Well, two questions. One, is there a reasonable way that can be harmonized with the Concealed Carry Act? Isn't that what the legislature should be doing? Well, I think we have the plain language of the Unlawful Use of Weapons Statute, which is, of course, our best guide as to what the legislature did do. And what they said is that it doesn't apply if you've got a valid concealed carry license. There is a second question here, which is, is it reasonable under this Court's Second Amendment standard to require someone to have a valid concealed carry license, which, as discussed, the CCA was sort of originally crafted with handguns in mind before allowing them to legally carry a stun gun or taser. However, the concealed carry requires instruction and lessons and 16 hours of work. So that wouldn't apply to – it has nothing to do or teaches anyone who gets a concealed carry anything to do with tasers. I disagree that it has nothing to do with carrying a taser. First off, just quickly before I turn to Brasley to your question, there are other provisions required to get a CCL, which quite obviously are directly applicable to the state's interest in ensuring the safe carriage of tasers and stun guns, a contemporaneous background check on criminal history and mental well-being. But even the instruction, the instruction includes instruction on when someone can legally use a weapon for self-defense under Illinois law, how to interact safely with law enforcement while carrying a concealed weapon, a report from the instructor on whether the applicant follows instructions can safely handle a dangerous weapon. These are other lethal weapons than handguns, but, you know, safe handling of these weapons, not pointing them at someone carelessly, for example, are relevant considerations. And it's not unreasonable. Once you have the concealed carry license, you have license under Illinois law to carry a handgun, and by the plain language of the UW statute, it no longer applies to the carriage of stun guns and tasers in public. It wasn't unreasonable for the General Assembly to look at the regulations, the licensing scheme that already existed, which provided licensing, which provided background checks and instruction on the law and so on, to cover even the more lethal self-defense weapon, a handgun, and say this adequately ensures the state's interest in protecting people against the dangerous carriage of stun guns or tasers for self-defense. And the additional instruction that is specific to the more dangerous handguns than stun guns or tasers doesn't render this regulatory scheme unreasonable as applied to stun guns or tasers. But you're asking us to read into what the legislature thought, not what their words were. No, actually, Your Honor, I'm just asking the court to give effect to the plain language of the UW statute. There is this second question, which is whether the regulatory scheme as applied to stun guns or tasers is reasonable under the Second Amendment. We argued in our briefs and have reiterated now that it is, but the plain language of the UW statute is unambiguous. Section A-4 does not apply to weapons that are carried in accordance with the Concealed Carry Act by someone who has a valid concealed carry license. So by its terms, by its plain language, which, you know, as this court always reiterates, is its best indicator of the legislature's intent. Then why did the, then what's the legislative intent in exempting stun guns and tasers under the Concealed Carry? Well, the Concealed Carry Act was initially enacted in response to Morrie v. Madigan, which dealt with the specific question of allowing some form of regulated legal carriage of handguns. And then subsequently, the General Assembly amended the UW statute and could have at that point expressed its intent to ban stun guns and tasers, criminalize the carriage of stun guns and tasers under any circumstances by including them with shot-off shotguns and machine guns in that section, which deals with other firearms that are banned. It didn't choose to apply that language to stun guns and tasers. It chose to apply the language applicable to handguns, which acts as a regulatory scheme on their safe carriage. But doesn't it, at a minimum, certainly create a question about the interrelationship between these two statutes? I do think that there is, that this court is tasked with determining how to harmonize the Concealed Carry Act and the Unlawful Use of a Weapon Statute because the plain language of the Unlawful Use of a Weapon Statute says that this is the regulatory scheme that is going to cover stun guns and tasers and the Concealed Carry Act says this is a license for concealed handguns. And the court, where reasonably possible, has undertaken that task in a way that preserves the constitutionality of the statute. If it chooses to adopt defendant's approach, which is to say that somehow in creating a licensing scheme to allow for the concealed carry of handguns, that that bans the carriage of tasers and stun guns, where the plain language of UW indicates that the General Assembly allows for their legal carriage under some circumstances, that is the only way of harmonizing, it's not really harmonizing them, but it's the only way of determining how they interact that renders the Unlawful Use of a Weapon Statute unconstitutional and it also gives no effect to the plain language of the Unlawful Use of a Weapon Statute. Again, the General Assembly knew how to ban certain types of firearms. They did so in the UW statute. They didn't do that with stun guns and tasers and so we have the plain language of that statute. It unambiguously doesn't act as a ban in and of itself. Applying this court's ordinary approach to determining legislative intent when confronted with unambiguous plain language of that sort, looking to the Concealed Carry Act and saying perhaps the cleanest way of doing it or addressing those concerns about the language in the Concealed Carry Act that excludes stun guns and tasers is to say Concealed Carry Act doesn't impose any restrictions on the carriage of stun guns and tasers so the Unlawful Use of a Weapon Statute doesn't apply to the Concealed Carry of stun guns and tasers at all so long as the carriage is by someone who has a valid Concealed Carry license, which again the plain language of the UW statute requires in order for A4 not to impose criminal liability. But under the Concealed Carry, is it my understanding correct that when they train for that, they're not training on stun guns and tasers, right? So some of the training is directly applicable to stun guns and tasers. For example, the training on when you can use a weapon for self-defense, how you should interact safely with law enforcement while you're carrying a concealed weapon, that doesn't change depending on whether it's a handgun or a stun gun or taser. The marksmanship proficiency training is specific to handguns, but of course different kinds of handguns would require different kinds of specific training to demonstrate proficiency with them and the ability to hit a target 70% of the time with one kind of handgun doesn't demonstrate that one could hit a target 70% of the time with a much larger handgun or a much larger caliber handgun. The state hasn't determined that that kind of proficiency training specific to the weapon you intend to carry is necessary to ensure its interest in the safe carriage of weapons. It's not unreasonable for the state to have said, look, you have to have a concealed carry license, which gives us a contemporaneous background check, which ensures that you have received instruction on the law of self-defense in Illinois, on how to interact with police, which puts you through a firearm training program that is going to instruct you on the safe handling of deadly weapons, even if it's the more lethal handgun rather than the lethal but less lethal stun gun or taser, and that we feel that if you've done those things, if you've got a concealed carry license, if you've acquired a license to conceal carry a handgun, then we're not going to apply the unlawful use of a weapon statute to your taser or stun gun either. Mr. Fisher? Yes. Since you say that stun guns and tasers are firearms, even though they don't fit into the definition of what it is, because it doesn't expel a projectile, but you also say they fall within the CCA, but the CCA doesn't cover all firearms, only handguns. So it does not cover shotguns, rifles, and other things. So isn't your argument a little bit without merit here because you're trying to take other things out, put other things in where they don't fit? First, Your Honor, just to clarify, it's clear throughout the state's legislation that stun guns and tasers are treated as a type of firearm repeatedly under various regulatory schemes in Illinois. If you look at the list of weapons covered by various statutes, let's say handguns, revolvers, stun guns, tasers, and other firearms, there are places where the definition of firearm might be inconsistent with the definition of stun guns or tasers, but the fact that even in the CCA they felt the need to clarify that what they define as concealed weapon, which is handgun, and that handgun doesn't include stun guns or tasers. But the people absolutely concede that the Concealed Carry Act defines handguns, which is what the license was originally designed to allow for the legal carriage of. It defines handguns as not including stun guns or tasers. But that doesn't mean that the General Assembly couldn't subsequently say, we're not going to apply criminal liability under the Unlawful Use of Weapons Statute if you've got one of these concealed carry licenses, which is what the plain language of the Unlawful Use of Weapons Statute does. It says it doesn't apply, explicitly does not apply to stun guns and tasers if you have a concealed carry license and are carrying in accordance with the Concealed Carry Act. There is work to be done harmonizing those two, undoubtedly because the plain language of the two statutes is in some apparent conflict. But it is possible to reasonably harmonize them in a way that preserves the constitutionality of the Unlawful Use of Weapons Statute and gives effect to the plain language of both statutes. And under those circumstances, to adopt the defendant's approach of reading a complete ban into the Unlawful Use of Weapons Statute where its plain language doesn't enact one would be contrary to this court's ordinary approach to statutory interpretation. Unless the court has further questions at this time, people would ask that this court reverse the opinion of the circuit court and affirm the constitutionality of the Unlawful Use of Weapons Statute as applied to stun guns and tasers. Thank you. Thank you. Counsel? Good morning. May it please the Court. Michelle Lotterizzi for the Defendant's Appeals. Pull that microphone down just a little bit. Just a little bit. Thank you. The cornerstone of the State's argument, as I think you heard repeatedly this morning, is that the Unlawful Use of Weapons Statute is plain and unambiguous and specifically allows the carriage of tasers and stun guns as long as it's in accordance with the concealed carry and you have a concealed carry license. We don't think that's right. It's not plain and unambiguous at all. What the statute says, I just want to pick it up and quote it here, is that it's unlawful use of a weapon to carry or possess in any vehicle or basically concealed and your person in public, any pistol, revolver, stun gun or taser or other firearm except that that prohibition does not apply to or affect transportation of weapons that are carried or possessed in accordance with the firearm concealed carry act by a person with a current license. So the question is what does weapons that are carried or possessed in accordance with the firearm concealed carry act mean? And we don't think that that means what the state means, that it means all of the weapons that are mentioned in the Unlawful Use of a Weapon Act in that section. What it means is weapons that can be and are being carried in accordance with the concealed carry act and as your honors have pointed out, that specifically excludes stun guns. So we think it's plain the other way and that it doesn't include things that cannot be carried under the concealed weapons act and that you can just stop there because we all agree that if this statute does not allow concealed carry of stun guns and tasers, that it's unconstitutional on its face. There's no dispute about that. But if you think that this is ambiguous, your honors, I think you have to look further to the entire statutory scheme that deals with the unlawful use of weapons and look specifically at the aggravated unlawful use of weapons statute, which is one or two sections away from this. And that statute was the one that was amended after the seventh circuit decided in the Moore case that Illinois' complete ban on concealed carry of handguns was unconstitutional. And the Illinois legislature at that point, that's when in 2013 when the legislature adopted the concealed carry act, the legislature, which in Illinois has always been resistant to any kind of concealed carry of weapons. Illinois had the strictest laws in the nation. The legislature decided we're only going to allow handguns to be concealed carries because that was the only kind of weapon that at that point was subject to second amendment protections. And so the court or the, I should say the general assembly enacted the concealed carry act and it also amended the aggravated use of a weapon law act, which had been found unconstitutional. And in that, it created two categories. It said it's unlawful to carry a concealed pistol, revolver, or taser or other firearm and it's an aggravating condition if you carry them loaded and readily available. It's an aggravating condition for any firearm other than a pistol or handgun. As for a pistol or handgun, it was an aggravating condition only if you didn't have a concealed carry permit. So the aggravated unlawful use of a weapon statute specifically distinguished between tasers on the one hand, which if you carry them in your backpack as one of the defendants allegedly did and it's ready to be used, that is still today aggravated unlawful use of a weapon. So how can it be that the legislature has said it's a felony to have concealed carry of a stun gun, but it's not a misdemeanor anymore. It can't be charged as a misdemeanor under unlawful use. That just doesn't make sense. It doesn't make any more sense. As your honor said, it's pretty counterintuitive that they allowed you in the concealed carry act to carry a handgun, but not a stun gun, but now we're told that you're allowed to carry one under the concealed carry act. It just doesn't make any sense. You talk about in your briefs, counsel, the legislature looking at different amendments to include tasers. Right. What's your position on that? I know you're saying that's supportive of your position here. Is there a rationale there, or is this a simple fix by just the legislature including tasers in the concealed carry? I think what happened, there was at some time, there was a couple moves to include tasers and to have a special statute for tasers that would have had training that would tell you how to use a taser, because as the state says, people think that they're not lethal, but they can be lethal. So you do need special training that's tailored to a taser. There was an attempt to do that. It failed. Now, all of that was before 2016, and it was in 2016 that in Cayetano, the U.S. Supreme Court said for the first time that tasers are subject to the Second Amendment. So what happened here, if you look at the arc of what happened, is that in 2013, the Illinois General Assembly decided, okay, we're going to do what we have to do and create a statute that allows concealed carry of handguns, the only weapons that then were found to have been protected by the Second Amendment. And then later on, it made this change in 2015 that the state relies upon. But it didn't go back and change the aggravated use, unlawful use of a weapons statute. So it's still a felony to carry a taser in your backpack. So do you presume that if we agree with your position, they'll do now what they did back in 2016 as it related to what was the year? Handguns. It's 2013. 2013. Was it related to handguns, and now the simple fix would do the same thing with respect to tasers? One would assume so, Your Honor, that assuming that the state doesn't want to allow everyone to carry a taser and wants to regulate it, and we're not saying that the state can't regulate it, that it would at this point take up the challenge as it did in 2013 and enact rational legislation that is specifically targeted to tasers and stun guns. I should also mention that in 2013, the state says, by the way, don't look at the aggravated unlawful use statute because they weren't charged under that statute. But that doesn't make any sense because the statutes, if two statutes have to be harmonized, it's got to be aggravated unlawful use, which is a felony, and the misdemeanor unlawful use. And you can't be guilty of a felony but not a misdemeanor. That just doesn't make any sense at all. It's also notable that in 2013, the unlawful use of a weapons statute, there are exemptions in 24-2 that were amended, and that amendment says that the unlawful use doesn't apply to a revolver, pistol, or handgun that is carried by somebody with a concealed carry license. So in 2013, the legislature not only did the concealed carry law, but they also amended both the aggravated unlawful use of a weapons statute and the unlawful use of a weapons statute to make it clear that if you are carrying a handgun, and you are licensed to carry a handgun, and you're doing it properly, that you cannot be charged with either a misdemeanor or a felony. So the state is trying to defend a statutory scheme that just doesn't work. And if you look at the plain language and you look at the plain language of the entire unlawful use statutes, you can see that they do not allow a person to concealed carry a stun gun. And then we have the other problem with the concealed carry statute. And I think counsel said, well, you can interpret it two different ways. You can say, well, all you need is the concealed carry permit. And it doesn't matter if you carry the stun gun in accordance with the concealed carry act, which is, of course, what the unlawful use of weapons, the exemption they rely on, says. But how do you do that? Because, for example, the concealed carry act says that it's a violation, you shall not carry a handgun while intoxicated. It's very clear in that it says a concealed firearm, which is defined to mean a handgun and defined to not mean a stun gun. So are they saying that it's okay to carry a taser while you're intoxicated? That can't be what anybody intended. If we look at when I walked into the building this morning, there's the ubiquitous signal of the gun with the red slash through it saying, do not bring a handgun on these premises. The concealed carry act specifically provides for that type of thing. That's on government buildings. It's on stores. It's all over the place. But it's a handgun, and it's a picture of a handgun. Does that mean somebody can bring a taser in here? Of course not. You wouldn't want that. So what we need is to have the General Assembly fix the problem, not to have this court basically twist itself into knots to try and interpret a statute that doesn't mean what the state says it means. So we would ask you, if there are no further questions, to affirm the judgment below. Thank you. Thank you. Your Honors, briefly, defendant is looking to the aggravated unlawful use of a weapons statute and other statutes to try to determine legislative intent because the plain language of the unlawful use of a weapons statute does not cut in their favor. And this court need not look to another statute under which the defendant was not charged in order to determine the legislative intent when the plain language gives them a way to do so up front. But to turn briefly to your Honor's question, is this a simple fix? That points to the fact that there are sort of two questions here. There is this question of is it a complete ban, in effect, or is it a regulation? And then second, if the people are right that it acts as a regulation, that if the Harmonized Concealed Carry Act and EUW do allow for the carriage of stun guns and tasers, would that be constitutional under the Second Amendment? People have argued that that is the case. And if it's not the case, that a simple fix of applying the CCA to stun guns and tasers would, in fact, create a constitutional regulatory regime. But if the court holds that there is no way to harmonize those two statutes to apply the CCA regulatory regime to stun guns and tasers, then it would provide useful guidance to the legislature to answer the second question that is also before the court in this case, which is whether that regulatory scheme applied to stun guns and tasers is constitutional. People's briefs argued why it is. But the question of whether a separate licensing regime with specific stun gun and taser training would be necessary in order to create a reasonable regime under the Second Amendment, or as the people have argued, that having a single licensing regime, even if it requires handgun training when you could choose instead to carry a stun gun or taser is still a reasonable one. Do you yield into an advisory opinion at that point? I don't think so, Your Honor, because the case presents both questions. If there's, as the defendant points out, the parties agree that if this is a complete ban, then under Catano v. Massachusetts and this court's decision in Aguilar that says that the right to carry as well as the right to own in one's home are at the core of the Second Amendment, that if this is a complete ban, that violates the Second Amendment. But there is a question when the court puts the Concealed Carry Act and the unlawful use of a weapons statute together, whether that creates a constitutional regulatory regime. And there is certainly a sense of briefing from both parties on whether it does, whether the requirement for firearm training renders the Concealed Carry Act unreasonable. People argue that it did not, that the licensing regime with its contemporaneous background checks, its instruction on the legal and safe handling of a deadly weapon carried for self-defense in public, is all reasonable regulation of the right to carry stun guns and tasers as well, even when there's a single license that allows you to carry both handguns and tasers, and that that license requires some additional training on the more lethal of those two weapons. But that question is in front of this court as part of this because, as mentioned, the ultimate question here is whether the unlawful use of a weapons statute as applied to stun guns and tasers violates the Second Amendment. So the people would argue that the Concealed Carry Act and the unlawful use of a weapons statute can be reasonably harmonized to create a regulatory regime that allows for the legal carriage of stun guns and tasers so long as the carrier has a concealed carry license and carries in accordance with the Concealed Carry Act. And moreover, that that regulatory scheme as applied to stun guns and tasers is a constitutional one under this court's Second Amendment standard. Unless the court has any further questions, people ask that this court reverse the opinion of the Circuit Court and hold the unlawful use of a weapons statute constitutional as applied to stun guns and tasers. Thank you. Thank you. Case Numbers 122951 and 122952, People v. Greco and People v. Webb, will be taken under advisement as Agenda Number 3. Mr. Fisher, Mr. Urizi, we thank you for your arguments. You are excused.